UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLOR GUZMAN and ALVARO VILLA, Individually and as Parents and Next Friends of ADRIAN ROBERTO VILLA, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) Court No. ) ) ) ) ) |

## COMPLAINT AT LAW
### Jurisdiction & Venue

This is an action against Chong Hsiang-Liang, M.D., as an alleged agent or employee of the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, *et. seq.* It is alleged that Chong Hsiang-Liang, M.D. was professionally negligent in his care of Flor Guzman and Adrian Roberto Villa. The United States of America has alleged that Chong Hsiang-Liang, M.D. should be deemed a public health service employee pursuant to 42 U.S.C. § 233(g).

Flor Guzman and Alvaro Villa, Individually and as Parents and Next Friends of Adrian Roberto Villa, a minor, filed an FTCA Claim with Exhibits on July 27, 2015. The FTCA Claim was filed with the Office of General Counsel, General Law Division in Washington, D.C. within two years of the date of the negligence alleged. More than has six months has expired since service of Plaintiffs' Federal Tort Claim and the Office of General Counsel has not issued a response.

### Nature of Action

This is a medical negligence case arising out of injuries suffered by Adrian Roberto Villa. Chong-Hsiang Liang, M.D. was the attending physician during Flor Guzman's labor and delivery on August 12, 2013. Plaintiffs allege that Dr. Liang was negligent for administering oxytocin to Flor Guzman, for failing to perform adequately or timely assessments of maternal or fetal well-being, for failing to timely deliver Adrian Roberto Villa and for using vacuum assistance during delivery. It is

alleged that Dr. Liang's negligence caused injury to Adrian Roberto Villa. It is further alleged that Flor Guzman and Alvaro Villa have become and will continue to be obligated for the medical and rehabilitation expenses of their minor child.

### Parties to Action

Flor Guzman and Alvaro Villa are the parents of Adrian Roberto Villa, a minor. Chong-Hsiang Liang, M.D., is a physician licensed in Illinois to practice medicine in all of its branches, who is alleged to have acted as an agent and/or employee of the United States of America at all relevant times.

### COUNT I

1. On and before August 12, 2013, Liang was a physician licensed in Illinois to practice medicine in all its branches.

2. On and before August 12, 2013, Liang held himself out as a specialist in Obstetrics and Gynecology.

3. On August 12, 2013, Flor Guzman was admitted to Glen Oaks Hospital.

4. On August 12, 2013, at the time of her admission to Glen Oaks, Flor Guzman was in labor.

5. On August 12, 2013, during her admission to Glen Oaks, Liang was Flor Guzman's attending obstetrician.

6. On August 12, 2013, after her admission to Glen Oaks, Flor Guzman experienced a spontaneous rupture of membranes.

7. On August 12, 2013, at the time Flor Guzman's membranes ruptured, meconium stained amniotic fluid was observed and documented.

8. On August 12, 2013, Liang ordered that oxytocin be administered to Flor Guzman.

9. On August 12, 2013, at the time oxytocin was ordered for Flor Guzman, fetal heart rate monitor tracings demonstrated a non-reactive fetal heart rate.

10. On August 12, 2013, oxytocin was administered to Flor Guzman per Liang's order.

11. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, fetal heart rate monitor tracings demonstrated a non-reactive fetal heart rate.

2

12. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, the fetal heart rate monitor tracings demonstrated fetal bradycardia.

13. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, the fetal heart rate monitor tracings demonstrated fetal compromise.

14. On August 12, 2013, Flor Guzman experienced dysfunctional labor.

15. On August 12, 2013, Liang delivered Adrian Roberto Villa.

16. On August 12, 2013, Liang used a vacuum to assist with the delivery of Adrian Roberto Villa.

17. On August 12, 2013, Adrian Roberto Villa experienced a shoulder dystocia during delivery.

18. On August 12, 2013, Adrian Roberto Villa was delivered with a nuchal cord.

19. On August 12, 2013, Adrian Roberto Villa suffered from hypoxic-ischemic encephalopathy.

20. On August 12, 2013, Adrian Roberto Villa suffered birth trauma.

21. On August 12, 2013, Liang was an agent or employee of the United States of America.

22. On August 12, 2013, Liang was acting in the course of and within the scope of his agency or employment with the United States of America.

23. At the times alleged, the United States of America, through its agent or employee Chong-Hsiang Liang, M.D., was negligent in one or more of the following respects:

    a. Ordering and administering oxytocin without indication; or

    b. Ordering and administering oxytocin in the presence of non-reassuring fetal heart rate patterns; or

    c. Failing to perform adequate or timely assessments of Flor Guzman during labor; or

    d. Failing to perform adequate or timely assessments of fetal well-being during labor; or

    e. Failing to timely deliver Adrian Roberto Villa; or

    f. Attempting or performing a vacuum-assisted delivery without indication.

24. As a proximate result of one or more of the foregoing negligent acts or omissions, Adrian Roberto Villa was injured; has endured and will in the future endure pain and suffering; has become

disfigured and disabled; has suffered a loss of the enjoyment of a normal life; will incur expenses for medical and rehabilitative care and; will be impaired in his ability to earn a living.

WHEREFORE Flor Guzman and Alvaro Villa, as Parents and Next Friends of Adrian Roberto Villa, a minor, demand judgment against the United States of America in an amount of Thirty Million Dollars ($30,000,000.00).

## COUNT II

1. On and before August 12, 2013, Liang was a physician licensed in Illinois to practice medicine in all its branches.

2. On and before August 12, 2013, Liang held himself out as a specialist in Obstetrics and Gynecology.

3. On August 12, 2013, Flor Guzman was admitted to Glen Oaks Hospital.

4. On August 12, 2013, at the time of her admission to Glen Oaks, Flor Guzman was in labor.

5. On August 12, 2013, during her admission to Glen Oaks, Liang was Flor Guzman's attending obstetrician.

6. On August 12, 2013, after her admission to Glen Oaks, Flor Guzman experienced a spontaneous rupture of membranes.

7. On August 12, 2013, at the time Flor Guzman's membranes ruptured, meconium stained amniotic fluid was observed and documented.

8. On August 12, 2013, Liang ordered that oxytocin be administered to Flor Guzman.

9. On August 12, 2013, at the time oxytocin was ordered for Flor Guzman, fetal heart rate monitor tracings demonstrated a non-reactive fetal heart rate.

10. On August 12, 2013, oxytocin was administered to Flor Guzman per Liang's order.

11. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, fetal heart rate monitor tracings demonstrated a non-reactive fetal heart rate.

12. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, the fetal heart rate monitor tracings demonstrated fetal bradycardia.

13. On August 12, 2013, during the time oxytocin was administered to Flor Guzman, the fetal heart rate monitor tracings demonstrated fetal compromise.

14. On August 12, 2013, Flor Guzman experienced dysfunctional labor.

15. On August 12, 2013, Liang delivered Adrian Roberto Villa.

16. On August 12, 2013, Liang used a vacuum to assist with the delivery of Adrian Roberto Villa.

17. On August 12, 2013, Adrian Roberto Villa experienced a shoulder dystocia during delivery.

18. On August 12, 2013, Adrian Roberto Villa was delivered with a nuchal cord.

19. On August 12, 2013, Adrian Roberto Villa suffered from hypoxic-ischemic encephalopathy.

20. On August 12, 2013, Adrian Roberto Villa suffered birth trauma.

21. On August 12, 2013, Liang was an agent or employee of the United States of America.

22. On August 12, 2013, Liang was acting in the course of and within the scope of his agency or employment with the United States of America.

23. At the times alleged, the United States of America, through its agent or employee Chong-Hsiang Liang, M.D., was negligent in one or more of the following respects:

    a. Ordering and administering oxytocin without indication; or

    b. Ordering and administering oxytocin in the presence of non-reassuring fetal heart rate patterns; or

    c. Failing to perform adequate or timely assessments of Flor Guzman during labor; or

    d. Failing to perform adequate or timely assessments of fetal well-being during labor; or

    e. Failing to timely deliver Adrian Roberto Villa; or

    f. Attempting or performing a vacuum-assisted delivery without indication.

24. As a proximate result of one or more of the foregoing negligent acts or omissions, Adrian Roberto Villa was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; will incur expenses for medical and rehabilitative care and; will be impaired in his ability to earn a living.

25. At all times alleged, Flor Guzman and Alvaro Villa were the parents of Adrian Roberto Villa.

26. As a proximate result of one or more of the foregoing negligent acts and/or omissions Flor Guzman and Alvaro Villa have incurred and will in the future incur expenses for the medical care of Adrian Roberto Villa.

WHEREFORE Flor Guzman and Alvaro Villa demand judgment against the United States of America in the amount of Thirty Million Dollars ($30,000,000.00).

Respectfully Submitted,
POWER ROGERS & SMITH, P.C.

By: s/Thomas G. Siracusa
Thomas G. Siracusa
70 W. Madison St., Suite 5500
Chicago, IL 60602
(312) 236-9381
tsiracusa@prslaw.com